UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

-----------------------------------------------------------------X
JON REZNIK, DIAN LATHAN, TIMOTHY :
JOHNSON, and RANDALL JOHNSON, : Civil Action No: 4:15-cv-648
 :
Plaintiffs, :
 : **COMPLAINT AND**
v. : **JURY DEMAND**
 :
HMSHOST CORPORATION and HOST :
INTERNATIONAL, INC., :
 :
Defendants. :
-----------------------------------------------------------------X

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs JON REZNIK, DIAN LATHAN, TIMOTHY JOHNSON, and RANDALL JOHNSON ("Plaintiffs"), and for their causes of action against Defendants HMSHOST CORPORATION and HOST INTERNATIONAL, INC. (collectively, "Defendants" or "HMSHost"), state as follows:

### INTRODUCTION

1. Plaintiffs were employed by Defendants as "assistant unit managers" ("AMs") at various food and beverage concessions within Missouri. Defendants misclassified Plaintiffs as exempt under federal and state overtime laws and failed to pay them for all hours worked. Defendants also failed to pay Plaintiffs overtime for hours above 40 that they worked in a workweek.

2. Plaintiffs assert that they are entitled to: (i) unpaid wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.*

1

("MMWL"); (ii) liquidated and punitive damages pursuant to the FLSA and the MMWL; and (iii) declaratory relief under the FLSA and the MMWL.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiffs' FLSA claims is based upon 28 U.S.C. § 1331.

4. Jurisdiction over Plaintiffs' state law claims is based on 28 U.S.C. § 1332(a)(1) because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), since those claims are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

6. Plaintiffs' claims involve matters of national or interstate interest.

7. Defendants are subject to personal jurisdiction in the Missouri.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES[1]

10. Plaintiff Jon Reznik was, at all relevant times, an adult individual, residing in Bridgeton, Missouri.

11. Plaintiff Reznik was employed by Defendants from in or about 2011 to February 2012 as an AM at the Tony Romo's Steakhouse unit at the Saint Louis Outlet Mall,

---

[1] Plaintiffs' claims in this action were tolled by virtue of their participation in the presently decertified collective action in *Easton Stevens, et al. v. HMSHost Corporation, et al.,* Case No. 10-cv-3571 (E.D.N.Y.).

2

Highway 370, Exit 11, Hazelwood, Missouri 63042**.**

12. Plaintiff Reznik worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked by him as well as overtime compensation as required by federal and state laws. By way of example, Plaintiff Reznik worked over 40 hours during the first week of the year in 2012.

13. Plaintiff Dian Lathan was, at all relevant times, an adult individual, residing in Saint Louis, Missouri.

14. Plaintiff Lathan was employed by Defendants from in or about 2001 to 2003, and again from 2004 to November 2014, as an AM at the Starbucks, Burger King, California Pizza, Chili's, Eighteen-76, Mozay, AB Brewhouse and Latobonoff units at the Lambert Saint Louis International Airport, 10701 Lambert International Boulevard, Saint Louis, Missouri 63145.

15. Plaintiff Lathan worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked by her as well as overtime compensation as required by federal and state laws. By way of example, Plaintiff Lathan worked over 40 hours during Christmas week in 2013.

16. Plaintiff Timothy Johnson was, at all relevant times, an adult individual, residing in Saint Louis, Missouri.

17. Plaintiff Timothy Johnson was employed by Defendants from in or about November 2011 to August 2012, as an AM at the Starbucks, Mosaic, Beers of the World, and Briochedore units at the Lambert Saint Louis International Airport, 10701 Lambert International Boulevard, Saint Louis, Missouri 63145.

18. Plaintiff Timothy Johnson worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked by her as well as overtime compensation as required by federal and state laws. By way of example, Plaintiff Johnson worked over 40 hours during the first week of June 2012.

19. Plaintiff Randall Johnson was, at all relevant times, an adult individual, residing in Kansas City, Missouri.

20. Plaintiff Randall Johnson was employed by Defendants from in or about 2010 to August 2014, as an AM at the Starbucks, Jose Cuervo, Sbarros, and Burger King units at the Kansas City International Airport, One International Square, Kansas City MO, 64153-2054

21. Plaintiff Randall Johnson worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked by her as well as overtime compensation as required by federal and state laws. By way of example, Plaintiff Johnson worked over 40 hours during July 4th weekend in 2014.

22. Upon information and belief, Defendant HMSHost Corporation, is a corporation organized under the laws of the State of Delaware, with its principal place of business at 6600 Rockledge Drive, Bethesda, Maryland 20817. HMSHost Corporation is wholly owned by Autogrill Group, Inc., a subsidiary of Autogrill S.p.A., an Italian corporation. Directly or through wholly owned subsidiaries, including Defendant Host International, Inc., HMSHost Corporation manages and oversees the operations of food and beverage concessions at numerous United States airports and other travel facilities, and acts with its subsidiaries, including Defendant Host International, Inc., in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of those

subsidiaries and HMSHost Corporation may be imputed to each of the others and to one another so that they operate as joint employees within the meaning of both the Fair Labor Standards Act and the relevant state law.

23. Upon information and belief, Defendant Host International, Inc., is a Delaware corporation with its principal place of business at 6905 Rockledge Drive, Bethesda, Maryland 20817.

24. Defendants were and are doing business in Missouri.

## STATEMENT OF FACTS

25. Defendants HMSHost Corporation and Host International, Inc., directly and through their subsidiaries, are one of the world's largest providers of travel venue merchandise and food and beverage concessions. Defendants have operations in a number of the largest airports in North America and its 20,000+ employees serve over 1 billion travelers every year.

26. At all relevant times, Plaintiff Reznik was employed as an assistant unit manager for Defendants at various units.

27. At all relevant times, Plaintiff Lathan was employed as an assistant unit manager for Defendants at various units.

28. At all relevant times, Plaintiff Timothy Johnson was employed as an assistant unit manager for Defendants at various units.

29. At all relevant times, Plaintiff Randall Johnson was employed as an assistant unit manager for Defendants at various units.

30. Plaintiffs' activities while at work included but were not limited to, bussing tables, cleaning the restaurants, checking to make sure that supplies were properly shelved

and/or checking inventory, cooking and helping customers.

31. Plaintiffs had minimal, if any, involvement in hiring.

32. Plaintiffs had minimal, if any, involvement in firing.

33. Plaintiffs' work was performed for the benefit of the Defendants, in the normal course of the Defendants' business and was integrated into the business of the Defendants.

34. The primary duties and work performed by Plaintiffs required little skill and no capital investment. Their duties did not substantially include managerial responsibilities or the exercise of independent judgment. Rather, they devoted the majority of their time to many insignificant duties and duties identical to wait staff, bus staff and other non-exempt positions.

35. Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay them for all hours worked, as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and, in the case of Dian Lathan and Randall Johnson, the MMWL as well.[2] Upon information and belief, it is Defendants' uniform policy and procedure not to pay all similarly situated employees for all hours worked by them, as well as overtime compensation.

36. Throughout all relevant time periods, while Defendants employed Plaintiffs, Defendants failed to maintain accurate and sufficient time records.

37. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants have classified all AMs as exempt from coverage of the overtime provisions of the FLSA and the MMWL.

---

[2] All references hereinafter to claims or relief under the MMWL pertain to Ms. Lathan and Mr. Randall Johnson, and not Mr. Reznik or Mr. Timothy Johnson.

6

38. Defendants did not perform a person-by-person analysis of Plaintiffs job duties when making the decision to classify them as exempt from the FLSA and the MMWL's overtime protections.

39. Defendants established labor budgets to cover labor costs for the stores in which Plaintiffs. The wages of Defendants' store-level employees were deducted from the labor budgets. Defendants, however, did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store. Defendants knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiffs working more than 40 hours in a workweek without receiving any additional overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

40. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and the MMWL. Defendants knew that Plaintiffs were not performing activities that complied with any FLSA or MMWL exemption and, inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA and the MMWL, they, accordingly, acted willfully or recklessly in failing to classify Plaintiffs as non-exempt employees.

41. Defendants are aware or should have been aware, through Store Managers and General Managers (as its authorized agents), that Plaintiffs were primarily performing non-exempt duties. As a business operating enough units to serve over 1 billion customers per year, Defendant knew or recklessly disregarded the fact that the FLSA and the MMWL

required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

42. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the MMWL with respect to Plaintiffs. This policy and pattern or practice includes but it is not limited to

 a. willfully misclassifying Plaintiffs as exempt from the requirements of the FLSA and the MMWL;

 b. willfully failing to pay Plaintiffs overtime wages for hours that they worked in excess of 40 hours per week; and

 c. willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing Plaintiffs to perform such non-exempt tasks.

43. Defendants' willful violations of the FLSA and the MMWL are further demonstrated by the fact that during the relevant time period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiffs. Defendants acted recklessly or in willful disregard of the FLSA and the MMWL by instituting a policy and/or practice that did not allow Plaintiffs to record all hours worked, but only allowed them to report a maximum of 40 hours worked per week.

44. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the MMWL.

45. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiffs in excess of 40 hours per week was willful and has been widespread, repeated and consistent.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT (ON BEHALF OF ALL PLAINTIFFS)

46. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 as if they were set forth again herein.

47. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs within the meaning of the FLSA.

49. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

50. At all relevant times, Defendants had a policy and practice of refusing to pay for all hours worked, as well as pay overtime compensation to their assistant unit managers for hours worked in excess of forty hours per workweek.

51. As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

52. As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendants knew or recklessly disregarded the fact that Plaintiffs were primarily performing manual labor and non-exempt tasks.

53. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs, Defendants' actual knowledge, through its Store Managers and General Managers, that the primary duties of Plaintiffs was manual labor and other non-exempt tasks, Defendants' failure to an analysis of Plaintiffs' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiffs to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

54. As a result of Defendants' FLSA violations, Plaintiffs are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b) and (d) declaratory relief.

55. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CLAIM FOR RELIEF: MISSOURI MINIMUM WAGE LAW (ON BEHALF OF PLAINTIFFS LATHAN AND RANDALL JOHNSON)

56. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 as if they were set forth again herein.

10

57. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the MMWL.

58. Defendants willfully violated Plaintiffs' rights by failing to pay them for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the MMWL and its regulations.

59. Due to Defendants' MMWL violations, Plaintiffs are entitled to recover from Defendants their unpaid wages for all hours worked, overtime compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, prejudgment and post-judgment interest, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to Mo. Rev. Stat. § 290.527, as well as declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and, as asserted by Ms. Lathan and Mr. Randall Johnson, the MMWL;

b. An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and the MMWL;

c. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the MMWL;

d.	An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

e.	An award of prejudgment and post-judgment interest;

f.	An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

g.	Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:  April 17, 2015

By:  /s/ Ryan Keane
Ryan A. Keane, #62112MO
KEANE LAW LLC
PO Box 16795
St. Louis, MO 63105
Telephone: (314) 724-9504

Seth R. Lesser, *Pro Hac Vice forthcoming*
Jeffrey A. Klafter
Fran L. Rudich
Michael H. Reed
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

Bradley I. Berger, *Pro Hac Vice forthcoming*
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
Telephone:  (212) 571-1900

**ATTORNEYS FOR PLAINTIFFS**