# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JON REZNIK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-648 CAS |
| | ) | |
| HMSHOST CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is defendant HMS Host USA, LLC and Host International, Inc.'s (hereinafter "Host") motion to sever and dismiss for misjoinder.[1]  Plaintiffs oppose the motion, which is fully briefed and ripe for review.  For the following reasons, the Court will deny Host's motion to sever and dismiss for misjoinder.

## *I. Background*

Plaintiffs Jon Reznik, Randall Johnson, Timothy Johnson, and Dian Lathan bring a two-count complaint against Host for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500, et seq.  Host operates food and beverage concessions in a number of shopping malls, airports, and other travel facilities  across the United States. Plaintiffs allege that they were employed by Host as "assistant unit managers" ("AMs") at various food and beverage concessions in Missouri. Plaintiff Jon Reznick was employed as an AM at the Saint Louis Outlet Mall in Hazelwood, Missouri;

---

[1]Plaintiffs originally sued HMSHost Corporation and Host International.  Doc. 1.  On June 29, 2015, plaintiffs amended their complaint and they are now suing HMS Host USA, LLC and Host International, Inc.  Defendants HMS Host USA, LLC and Host International, Inc. state that the motion to sever was based on allegations that did not materially change, and the two defendants renew the motion.

plaintiffs Dian Lathan and Timothy Johnson worked as AMs for Host at Lambert International Airport in Saint Louis, Missouri; and plaintiff Randall Johnson worked as an AM at Kansas City International Airport in Kansas City, Missouri.

Previously, all four plaintiffs were opt-in plaintiffs in a FLSA collective action that was filed against Host in the Eastern District of New York. Stevens v. HMSHost Corp., No. 10-CV-3571-ILG-VVP (E.D.N.Y. 2010). In Stevens, the named plaintiff brought suit against Host under the FLSA claiming that he and other AMs were misclassified as exempt from FLSA's overtime requirements. Stevens v. HMSHost Corp., 2014 WL 4261410, at *1 (E.D.N.Y. Aug. 26, 2014). A motion was made to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and the district judge conditionally certified a class of AMs. Id. Following two years of discovery, on a motion to decertify, the Stevens court found that the AMs' duties and employment settings varied to such a degree, that the use of representative testimony was precluded. Id. at *7. The district court decertified the collective action and the opt-in plaintiffs were dismissed without prejudice. Id. at *8.

Plaintiffs Jon Reznik, Randall Johnson, Timothy Johnson, and Dian Lathan filed suit in this Court on April 17, 2015. Plaintiffs allege in their complaint and subsequent amended complaint that they were all subject to a blanket, company-wide policy in which Host willfully misclassified all AMs as exempt without ever examining the kind of work the AMs were performing on their shifts. Plaintiffs allege that their activities at work regularly included non-exempt work such as bussing tables, cleaning the restaurants, checking that inventory and supplies were properly shelved, cooking, and helping customers. They allege that their duties did not substantially include managerial responsibilities or the exercise of independent judgment. Plaintiffs allege they often

2

worked in excess of 40 hours, and Host failed to pay them for all hours worked, as well as overtime compensation. This was done, plaintiffs contend, as a company cost-saving measure.  They assert Host did not provide sufficient money in its labor budget to cover the non-exempt tasks in each store.  All four plaintiffs in this case bring claims for willful violations of the record keeping and overtime provisions under the FLSA  (Count I); and plaintiffs Dian Lathan and Randall Johnson bring claims under MMWL for willfully failing to pay overtime (Count II).  Plaintiffs are seeking a declaratory judgment, unpaid wages, liquidated damages, other damages, costs, attorneys' fees, and interest.

Host answered the complaint and the amended complaint, but it also filed the motion to dismiss for misjoinder presently before the Court.  Host asserts that plaintiffs are misjoined for the same reasons the <u>Stevens</u> court decertified the collective action. Namely, that plaintiffs worked in different locations and had different job duties.  Host argues that plaintiffs' claims do not arise from the same transaction or occurrence, and there are no common issues of law or fact.  Therefore, according to Host, the Court should sever plaintiffs' claims and dismiss without prejudice all but the first named plaintiff, Jon Reznik. For the following reasons, Host's motion is denied.

## *II. Discussion*

Federal Rule of Civil Procedure 20(a) governs the permissive joinder of parties into an action.  Rule 20(a) provides in relevant part:

> (a) Persons Who May Join or Be Joined. (1) Plaintiffs. Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a).  In addition, Rules 20(b) and 42(b) grant district courts the discretion to order separate trials or make such other orders necessary to prevent delay and prejudice.  Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974).

The purpose of Rule 20(a) is to address "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).  Nonetheless, permissive joinder is not proper in all situations.  To join together in one action, plaintiffs must meet two specific requirements:  "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action."  Mosley, 497 F.2d at 1332; see Rule 20(a).  Joinder is proper only if both of these requirements are satisfied.  James Wm. Moore, et al., 4 Moore's Federal Practice § 20.02[2][a][ii] (3d ed. 2014).

The Court will first address whether plaintiffs' claims for relief relate to or arise out of the same transaction or occurrence, or series of transactions or occurrences.  A case-by-case approach is used to determine "whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20 . . . ."  Mosley, 497 F.2d at 1333.  "No hard and fast rules have been established under the rule."  Id.  In the context of Rule 20(a), the Eighth Circuit interprets the term "transaction" broadly.  The appellate court has stated that "'[t]ransaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  Id. (quoting Moore v. New York Cotton Exchange, 270 U.S. 593, 610 (1926)).  The Eighth Circuit concluded the same transaction or occurrence requirement of Rule 20 "would permit all reasonably related claims for

4

relief by or against different parties to be tried in a single proceeding." Id. "Absolute identity of all events is unnecessary." Id.

In this case, plaintiffs argue their claims relate to or arise out of the same transaction or occurrence, or series of transactions or occurrences because they were all subject to the same company-wide policy of classifying AMs as exempt for purposes of overtime. The Court finds, based on a careful examination of the factual allegations in the amended complaint, that plaintiffs' claims in this case do arise from the same transaction or occurrence, or series of transactions or occurrences. In fact, the case at bar is very similar to Mosley, in which the Eighth Circuit concluded that ten employment discrimination plaintiffs met the same transaction or occurrence requirement because they each alleged injury as a result of the same general company-wide policy of discrimination against African-Americans on the part of their employer.  497 F.2d at 1334.  Here, plaintiffs allege that they were all subject to Host's company-wide policy of misclassifying AMs as exempt for cost-saving reasons.  Therefore, under controlling Eighth Circuit law, the Court finds plaintiffs meet the first requisite for joinder under Rule 20(a).

The second requisite for proper joinder is that some question of law or fact common to all the parties will arise in the action.  Rule 20 does not require that all questions of law and fact raised in the case be common.  Again, like the plaintiffs in Mosley, the plaintiffs here raise common issues of fact and law.  Although plaintiffs worked in different locations and had different supervisors, they were subject to the same company-wide policy of classifying AMs.  Rule 20(a) allows joinder of parties where "any question of law or fact common to all plaintiffs" is present. Fed. R. Civ. P. 20(a). The finder of fact in this case will need to determine whether Host's policy of classifying AMs so as not to allow the payment of overtime was a willful violation of the FLSA.

5

In its motion Host makes much of the fact that plaintiffs worked in different locations, stressing that plaintiffs' claims are, therefore, too individualized.  The Court does not find this fact to be determinative.  Plaintiffs all worked for Host as AMs and were subject to the same policy classifying their position as exempt for purposes of overtime.  Plaintiffs did work in different locations under different managers, and while their job duties were similar, they were not identical.  The Court does not dispute that plaintiffs will likely need to present individualized testimony about how they each performed their jobs, but this fact does not preclude joinder.  Mosley, 497 F.2d at 1134 ("[t]he fact that [the plaintiffs] may have suffered different effects from the alleged discrimination is immaterial for the purposes of the prerequisite [of Rule 20(A)(1)(b)].").

Host also raises concerns that it will be prejudiced if there is a single trial in this case.  It asserts that presenting evidence regarding the plaintiffs' "highly individualized employment experiences" would be "hopelessly confusing" to a single jury.  Doc. 8 at 8.  The Court takes a more optimistic view.  Plaintiffs worked in the same positions in food concessions.  They did not hold different job titles or work in a highly technical or complex field.  The Court is confident that issues of proof pertaining to their individualized claims can be addressed in jury instructions or, if absolutely necessary, the Court can order separate trials.  Fed. R. Civ. P. 20(b) and 42(b).

Host further argues in its motion that the Court is essentially bound by the district court's decision in Stevens v. HMSHost Corp., No. 10-CV-3571-ILG-VVP.  Contrary to Host's assertion, the district court's finding in Stevens does not "dictate" severance in this case.  The court in Stevens did not decide whether joinder was proper under Rule 20, but rather whether the case could proceed as a collective action.  These are two separate issues.  In Stevens, the district court examined whether the plaintiffs were "similarly situated" such that their claims and the employer's defenses

6

were "amenable to generalized or representative proof."  Stevens, 2014 WL 4261410, at *5.  The Stevens court found that the employment settings and job duties of the proposed class "varied widely" and, therefore, individualized testimony would be required.   But this is not a finding as to whether the plaintiffs' claims relate to or arise out of the same transaction or occurrence, or series of transactions or occurrences, or whether there are common questions of law or facts.  As discussed above, the Court acknowledges that representative testimony may not be appropriate in this case. The Court can accommodate the presentation of testimony from each of the individuals. Furthermore, the Court does not agree that the standard for certification under the FLSA is lower than the standard applied under Rule 20.  The cases Host cites in support of this contention come from different circuits and are not controlling.  The Eighth Circuit and Supreme Court have both stated that joinder of claims, parties and remedies should be encouraged.  United Mine Workers, 383 U.S. at 724 ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"); Mosley, 497 F.2d at 1332.  The Court sees no reason why it should not allow joinder in this cause of action.

Finally, the Court believes joinder in this case will advance judicial economy and justice. Plaintiffs in this case worked in food concessions, otherwise known as fast food.  It is likely that they were not highly compensated.  In order to bring their overtime claims against Host, plaintiffs chose to band together and hire one attorney. This was likely a cost savings measure.  By joining in one suit, plaintiffs can save on filing fees, attorneys fees, and the costs of discovery and mediation, to name a few expenses.  Without joinder, these plaintiffs may face logistical and financial difficulties bringing their overtime claims.

### III. Conclusion

In sum, the Court finds plaintiffs have met the permissive joinder standards of Rule 20, and it declines to sever the claims of these plaintiffs.  Judicial economy will be served by maintaining plaintiffs' claims together in this case.  Furthermore, the issues raised by Host in its briefs can be adequately addressed under the applicable Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Sever and Dismiss for Misjoinder is **DENIED**.  [Doc. 8]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  _20th_  day of January 2016.

8